**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CONSTRUCTION FINANCIAL ADMINISTRATION SERVICES LLC D/B/A CFAS,<br><br>    Plaintiff,<br><br> vs.<br><br>FEDERAL INSURANCE COMPANY,<br><br>    Defendant. | CASE NO.: 2:19-cv-00020-JMY |

**FEDERAL INSURANCE COMPANY'S MOTION TO EXCLUDE**
**PLAINTIFF'S EXPERT TY SAGALOW**

Defendant, Federal Insurance Company ("Federal"), respectfully submits this motion for an order striking the testimony and opinions of Plaintiff Construction Financial Administration Services LLC d/b/a CFAS's expert witness, Ty Sagalow, and in support thereof states as follows:

1. Construction Financial Administration Services LLC d/b/a CFAS ("CFAS") fell prey to social engineering, a known scheme wherein the perpetrator induces a fraudulent wire transfer by communicating false information through email. (Exhibit 1, CFAS 30(b)(6) Dep. Tr, pp. 13:12–l5:6). Insurance companies issue specialized coverage against such schemes, referred to as Fraudulent Instruction or Social Engineering coverage.[1] CFAS elected not to purchase such insurance, and instead purchased a "PROE&O$^{SM}$" policy ("Policy"), which precludes coverage for **Claim**[2] based upon, arising from or in consequence of any unauthorized access to or use of any computer program, software, computer, communication facility, computer system or any input,

---

[1] *How to Protect Against Social Engineering Fraud*, Willis Towers Watson (Nov. 30, 2017), https://www.willistowerswatson.com/en-AU/Insights/2017/11/social-engineering-fraud.
[2] Bolded terms are defined in the Policy.

output, processing, storage and communication devices that can be connected thereto. (Exhibit 2, Policy, End. Nos. 2 and 5).

2. Having failed to purchase coverage for the loss it ultimately suffered, CFAS attempts to re-write the Policy with a purported insurance expert. In exchange for $1,005 per hour,[3] Mr. Sagalow seeks to offer opinions on the terms, application and implication of the Policy. (Exhibits 3-4, Sagalow Reports). Mr. Sagalow has no personal knowledge about the drafting or sale of the Policy, but instead, seeks to tell this Court how it should interpret and apply the Policy, thereby usurping both this Court's function and the jury's function. Mr. Sagalow's opinions are inadmissible and should be excluded for at least four reasons.

3. First, Mr. Sagalow lacks the expertise and foundation to offer any opinions on this case. While he long ago worked in the insurance industry, he has not worked at a major insurance company since 2012 – years before insurers developed social engineering coverage and five years before the Policy was issued! (Ex. 3, ¶ 4; Ex. 4, ¶ 5). As such, Mr. Sagalow admitted that he could not cite any prior experience with or research into the dispositive provisions. (Exhibit 5, Deposition of Ty Sagalow, pp. 122:23-123:11). Given his lack of personal experience with the dispositive provisions and lack of research into those provisions, Mr. Sagalow lacks the necessary foundation and expertise to offer any opinions in this case. *Surace v. Caterpillar*, 111 F.3d 1039, 1055-6 (3d Cir. 1997) (upholding decision to strike expert that lacked knowledge and experience on the disputed issue).

4. Second, Mr. Sagalow's reports reflect his intent to offer impermissible legal opinions and conclusions. His repeated references to "custom and practice" cannot conceal the reality that Mr. Sagalow seeks to offer legal opinions on the meaning of policy terms, the scope of

---

[3] This includes $210.00 per hour to an expert witness search firm. (Exhibit 3, Sagalow Expert Report, ¶ 16).

coverage and merits of CFAS's claimed loss. (Ex. 3, ¶ 53(a), (b), (c), and (e)). Such testimony is inadmissible and is not the proper subject of an expert opinion. *E.g., McCrink v. Peoples Benefit Life Ins. Co.*, No. 2:04-CV-01068-LDD, 2005 U.S. Dist. LEXIS 5072, at *11 (E.D. Pa. Mar. 29, 2005) (expert's "construction of the insurance policy . . . is not the proper subject of an expert report"); *Coregis Ins. Co. v. City of Harrisburg*, No. 1:03-CV-920, 2005 U.S. Dist. LEXIS 29738, at *18 (M.D. Pa. Nov. 8, 2005) (striking expert report because "the heart of the report is awash in legal conclusions regarding the proper method of interpreting insurance contracts…").

5.  Third, Mr. Sagalow seeks to use his convenient and subjective view of drafting "intent" as the vehicle to impermissibly interpret the Policy. Mr. Sagalow did not draft the provisions at issue in this case, has no knowledge about the underwriting of the Policy and could not recall ever purchasing or selling a policy containing the dispositive provisions. (Ex. 5, pp. 6:04-07, 7:20-8:12). Yet, he seeks to use the witness stand to speculate on drafting and intent – as a means of encouraging the jury to ignore the plain terms of the Policy. Such testimony is both irrelevant and inadmissible. *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 545-47 (S.D.N.Y. 2004) ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony.").

6.  Fourth, Mr. Sagalow purports to criticize Federal's claims handling and coverage analysis. (Ex. 3, ¶¶ 78–95). He offers these alleged criticisms as a veiled effort to interject legal conclusions on coverage and argue CFAS's interpretation of the Policy. Such opinions are irrelevant and inadmissible as CFAS did not pursue any claims based upon claim handling and even if it had, claims handling is outside the scope of Rule 702. *Dattilo v. State Farm Ins. Co.*, No. 97-1842, 1997 U.S. Dist. LEXIS 16188, at *12-13 (E.D. Pa. Oct. 17, 1997), *aff'd*, 168 F.3d 478

(3rd Cir. 1998) (claim handling not admissible under Fed. R. Evid. 702 because it "does not require that scientific, technical or specialized knowledge").

7. Contemporaneous herewith, Federal files a memorandum of law and incorporates that memorandum by reference.

For the forgoing reasons and the reasons set forth in the memorandum of law filed contemporaneous herewith, Federal Insurance Company respectfully requests that this Court enter an order striking the expert reports and any testimony of Plaintiff Construction Financial Administration Services LLC d/b/a CFAS's ("CFAS") expert witness, Ty Sagalow, and for such further relief as may be necessary and appropriate.

Dated: March 11, 2020

**GORDON REES
SCULLY MANSUKHANI, LLP**

*s/ Scott L. Schmookler*
Scott L. Schmookler (*pro hac vice*)
Katherine A. Musbach (*pro hac vice*)
1 N. Franklin, Suite 800
Chicago, IL 60606
(312) 980-6779
(312) 980-6798
sschmookler@grsm.com
kmusbach@grsm.com

Ilan Rosenberg
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
(215) 717-4026
irosenberg@grsm.com

*Attorneys for Defendant,
Federal Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all attorneys of record.

Dated: March 11, 2020   **GORDON REES SCULLY MANSUKHANI, LLP**

*s/ Scott L. Schmookler*

Scott L. Schmookler (*pro hac vice*)
Katherine A. Musbach (*pro hac vice*)
1 N. Franklin, Suite 800
Chicago, IL 60606
(312) 980-6779
(312) 980-6798
sschmookler@grsm.com
kmusbach@grsm.com

Ilan Rosenberg
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
(215) 717-4026
irosenberg@grsm.com

*Attorneys for Defendant,
Federal Insurance Company*